UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL BLOUNT,

    Plaintiff,

vs.                                       Case No.  3:10-cv-1151-J-34MCR

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC., a Florida Non-Profit
Corporation,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defense "E" (Doc. 11) filed February 1, 2011.  Defendant filed its response in opposition to this Motion on February 9, 2011.  (Doc. 12).  Accordingly, the matter is now ripe for judicial review.

### **I. BACKGROUND**

Plaintiff filed his Complaint in this Court on December 15, 2010 alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and the Florida Civil Rights Act.  (Doc. 7).  On January 24, 2011, Defendant filed its Answer and Affirmative Defenses.  (Doc. 9).  Affirmative Defense E states:

> Any back pay to which Plaintiff claims he is entitled must be
> offset by Plaintiff's interim earnings from employment and by
> any amount the Plaintiff received, or will receive, pursuant to
> any claim of unemployment compensation or other benefits

>    that Plaintiff received or will receive after the termination of
>    his employment with Defendant.

(Doc. 9, p.17).  Plaintiff seeks to strike the portion of this defense claiming that Plaintiff's back pay should be reduced by any amount of unemployment compensation Plaintiff may receive.

## II.  ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)).  Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Finally, "a court will not exercise its discretion under the rule to strike a pleading unless

the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

Here, Plaintiff points out that the Eleventh Circuit has held unemployment compensation benefits should not be deducted from Title VII back pay awards.  (Doc. 11, p.3)(citing Brown v. A.J. Gerrard Mfg. Co., 715 F.2d 1549, 1550 (11th Cir. 1983)(*en banc*)).  Defendant acknowledges that Eleventh Circuit case law supports the proposition that unemployment compensation should not be deducted from a back pay award, but points to a "significant split among the federal appellate courts on this issue." (Doc. 12, p.1).

While the Court notes that the Eleventh Circuit has decided the issue, it agrees with Defendant that there is a split among the circuit courts.  Because motions to strike are a disfavored remedy, the Court prefers to allow the defense to stand at this time. Should it later appear that this defense was asserted or actively prosecuted without a reasonable basis in law or fact, sanctions may be appropriate under Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927.  Accordingly, the Court will deny Plaintiff's Motion to Strike.  The Court is making no comment on the probable success on the merits of the defense, but rather declines to grant such a drastic remedy at the present time.

Therefore, after due consideration, it is hereby

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defense "E" (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of February, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record